GUITERMAN et al. v. UNITED STATES (two cases).

STRAUSS et al. v. SAME.

(Circuit Court, S. D. New York. March 12, 1902.)

Nos. 3,046, 3,018, and 3,019.

1. CUSTOMS DUTIES—CLASSIFICATION—MUFFLERS COMPOSED OF COTTON AND SILK.

Mufflers composed of cotton and silk are not classifiable under Act 1897, par. 314, as "wearing apparel composed of cotton or other vegetable fibre, or of which cotton or other vegetable fibre is the component material of chief value,"—since paragraphs 388 and 312 both relate expressly to "handkerchiefs or mufflers."

2. SAME.

Mufflers composed of cotton and silk are dutiable under Act 1897, par. 388, covering "handkerchiefs or mufflers composed wholly or in part of silk," and not under paragraph 312, covering "handkerchiefs or mufflers composed of cotton," though the cotton is the component material of chief value of the mufflers in question.

Appeals by the Importers from Decisions of the Board of United States General Appraisers.

Albert Comstock, for the importers.

W. Usher Parsons, Asst. U. S. Atty.

COXE, District Judge (orally). No question of fact is involved here. It is agreed upon both sides that the articles imported are mufflers composed of cotton and silk, cotton being the component material of chief value. The proportion of the silk varies in the different samples from 5 per cent. in one instance to 47 per cent. in another. The precise percentage is immaterial, for the reason that, as stated, it must be conceded that the cotton in every one of the samples is the material of chief value.

The collector assessed duty under paragraph 388 of the act of 1897, which provides for the article by name, the paragraph reading "handkerchiefs or mufflers composed wholly or in part of silk." The importers have protested under paragraph 312, which also provides for the article by name, the paragraph reading "handkerchiefs or mufflers composed of cotton." There is also an alternative protest under paragraph 314, the importers insisting that if the mufflers are not composed of cotton they are "wearing apparel composed of cotton or other vegetable fibre, or of which cotton or other vegetable fibre is the component material of chief value."

I do not think it is necessary to discuss paragraph 314 for the reason already stated, that the article is specifically designated under both of the paragraphs first alluded to.

Counsel for the importers, as I understand it, contends that paragraph 388 should be construed as if it read "handkerchiefs or mufflers composed wholly or in chief part of silk"; and that paragraph 312 should be construed as if it read "handkerchiefs or mufflers composed of cotton, or of which cotton is the component material of chief value." We have in this case to compare these two paragraphs, one of them providing specifically for mufflers composed of cotton, and the other for mufflers composed wholly or in part of silk. I know of no authority that will justify the court in holding that such a specific descriptive clause as is contained in paragraph 388 can be ignored and the inquiry permitted whether cotton or silk is the component of chief value. That question is eliminated by the clear and definite language of this paragraph. In other words, a muffler composed in part of silk is clearly assessable under paragraph 388, and such a muffler cannot be assessed under paragraph 312 as an article composed of cotton. There can be no question as to the component material of chief value where the importations are assessed under a paragraph relating to a manufacture wholly or in part of silk.

The decision of the board of general appraisers is affirmed.